ACS
PO Box 9001560
Louisville, KY 40290-1560


AT&T Universal
PO Box 183056
Columbus, OH 43218-3056


Capital One
PO Box 790216
St. Louis, MO 63179-0216


Chase
PO Box 94014
Palatine, IL 60094-4014


Chrysler Financial
PO Box 1728
Newark, NJ 07101-1728


Citi Cards
PO Box 183058
Columbus, OH 43218-3058


Citifinancial
PO Box 6931
The Lakes, NV 88901-6931


CitiFinancial Corp (DE)
141 Buffalo Street
Suite 15
Hamburg, NY 14075-5010


Discover Card
PO Box 15251
Wilmington, DE 19886-5251

```
HFC
PO Box 17574
Baltimore, MD 21297-1574



HSBC Bank
One HSBC Center
Buffalo, NY 14203



Kaufmann's
PO Box 94934
Cleveland, OH 44101-4934



M&T Mortgage
PO Box 1288
Buffalo, NY 14240-1288



NYS Teacher Retirement System
10 Corporate Woods Drive
Albany, NY 12211-2395



Rosa's-Citifinancial
PO Box 790213
St. Louis, MO 63179-0213



Travelers Life & Annuity
1 Tower Square
Hartford, CT 06183-6074



United Mileage Plus
PO Box 15153
Wilmington, DE 19886-5153



Wells Fargo Financial
PO Box 98784
Las Vegas, NV 89193-8784
```

# UNITED STATES BANKRUPTCY COURT

## Western District of New York

In re:     **Sean F. Bermingham**                    **Julia S. Bermingham**               Case No. _____

**3558**                                          **2689**                          Chapter     **7**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **2** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:     **1/7/06**                                          Signed:     **s/ Sean F. Bermingham**

                                                                    **Sean F. Bermingham**

Signed:     **/s/ Randy H. Gugino**                         Signed:     **s/ Julia S. Bermingham**

          **Randy H. Gugino, Esq.**                                      **Julia S. Bermingham**

          Bar No.          **029227**

| United States Bankruptcy Court<br>Western District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bermingham, Sean F.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Bermingham, Julia S.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**3558** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**2689** |
| Street Address of Debtor (No. & Street, City, and State<br>**5240 Glenn Terrace**<br>**Hamburg, NY**<br>ZIPCODE **14075** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**5240 Glenn Terrace**<br>**Hamburg, NY**<br>ZIPCODE **14075** |
| County of Residence or of the Principal Place of Business:<br>**Erie** | County of Residence or of the Principal Place of Business:<br>**Erie** |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |

Location of Principal Assets of Business Debtor (if different from street address above):

ZIPCODE

**Type of Debtor** (Form of Organization)

(Check **one** box.)

- ☒ Individual (includes Joint Debtors)
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)
  State type of entity:
  _____

**Nature of Business**

(Check all applicable boxes)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3).

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☒ Consumer/Non-Business
- ☐ Business

**Chapter 11 Debtors**

Check one box:

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D).

Check if:

- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)

- ☒ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Sean F. Bermingham, Julia S. Bermingham** | |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts) |
|---|---|
| ☐　Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X　**/s/ Randy H. Gugino**　　　　　　　**1/7/06**<br>　　Signature of Attorney for Debtor(s)　　　　Date<br>　　**Randy H. Gugino, Esq.**　　　　　**029227** |

| **Exhibit C** | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐　Yes, and Exhibit C is attached and made a part of this petition.<br>☑　No | ☐　I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐　I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances (Must attach certification describing.) |

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|
| **Venue** (Check any applicable box) |
| ☑　Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐　There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐　Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property** *Check all applicable boxes.* |
|---|
| ☐　Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>　　　　　　_____<br>　　　　　　(Name of landlord that obtained judgment)<br><br>　　　　　　_____<br>　　　　　　(Address of landlord) |
| ☐　Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐　Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition. |

| | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Sean F. Bermingham, Julia S. Bermingham** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition]- I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Sean F. Bermingham**
_____
   Signature of Debtor     **Sean F. Bermingham**

X **s/ Julia S. Bermingham**
_____
   Signature of Joint Debtor  **Julia S. Bermingham**

_____
   Telephone Number (If not represented by attorney)

**1/7/06**
_____
   Date

### Signature of Attorney

X **/s/ Randy H. Gugino**
_____
   Signature of Attorney for Debtor(s)

**Randy H. Gugino, Esq.,  029227**
_____
   Printed Name of Attorney for Debtor(s) / Bar No.

**Randy Gugino Law Office**
_____
   Firm Name

**2140 Eggert Road  Amherst, NY 14226**
_____
   Address


**(716) 833-8455**           **(716) 833-8472**
_____
   Telephone Number

**1/7/06**
_____
   Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
_____
   Signature of Authorized Individual

_____
   Printed Name of Authorized Individual

_____
   Title of Authorized Individual

_____
   Date

### Signature of a Foreign Representative of a Recognized Foreign Proceeding

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition. A certified copy of the order granting recognition is attached.

X
_____
   (Signature of Foreign Representative)

_____
   (Printed Name of Foreign Representative)

_____
   Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: I) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.§110 setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

**Not Applicable**
_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

_____
   Address

X **Not Applicable**
_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

In re: **Sean F. Bermingham    Julia S. Bermingham**                        Case No. _____
                                                                                                **(If known)**
                          **Debtors**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **5240 Glenn Terrace Hamburg, NY residence** | **Co-Owner** | **J** | **$ 140,000.00** | **$ 157,386.00** |
| | **Total** ➢ | | **$ 140,000.00** | |

(Report also on Summary of Schedules.)

In re  **Sean F. Bermingham    Julia S. Bermingham** ,          Case No. _____

<u> </u>
                            **Debtors**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **cash** | **J** | **0.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Frontier FCU** | **J** | **0.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **M&T** | **J** | **0.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | **X** | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **sofa, chairs, kitchen set, beds** | **J** | **1,500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | **X** | | | |
| 6. Wearing apparel. | | **shoes, socks, pants, shirts, skirts** | **J** | **500.00** |
| 7. Furs and jewelry. | **X** | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | **X** | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Travelers Life** | **J** | **6,300.00** |
| 10. Annuities. Itemize and name each issuer. | **X** | | | |

In re  <u>Sean F. Bermingham    Julia S. Bermingham</u>,          Case No. _____

                                    **Debtors**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **NYS Retirement Fund** | W | **6,100.00** |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **NYS Retirement Fund** | H | **7,585.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2004 Tax Returns estimated** | J | **4,500.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re   **Sean F. Bermingham   Julia S. Bermingham**   ,      Case No.                     
                           **Debtors**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1997 Jeep Cherokee 152,000 miles** | H | 2,605.00 |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Jeep Liberty 23,000 miles** | W | 14,850.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Form B6B-Cont.
(10/05)

In re  **Sean F. Bermingham   Julia S. Bermingham**                                                ,      Case No. _____
                                                **Debtors**                                                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | _3_ | continuation sheets attached | Total ➤ | **$ 43,940.00** |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re  **Sean F. Bermingham    Julia S. Bermingham** _____ ,    Case No. _____

Debtors                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                           $125,000.
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **1997 Jeep Cherokee 152,000 miles** | **Debt. & Cred. Law § 282 & 283** | **2,400.00** | **2,605.00** |
| **2004 Tax Returns estimated** | **Debt. & Cred. Law § 282 & 283** | **2,400.00** | **4,500.00** |
| **shoes, socks, pants, shirts, skirts** | **Debt. & Cred. Law § 282 & 283** | **500.00** | **500.00** |
| **sofa, chairs, kitchen set, beds** | **Debt. & Cred. Law § 282 & 283** | **1,500.00** | **1,500.00** |
| **Travelers Life** | **Debt. & Cred. Law § 282 & 283** | **6,300.00** | **6,300.00** |

In re:  **Sean F. Bermingham   Julia S. Bermingham** ,  Case No. _____
_____
Debtors                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❏  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **1001134046**<br><br>**Chrysler Financial**<br>**PO Box 1728**<br>**Newark, NJ 07101-1728** | | W | **01/01/2004**<br>**2004 Jeep Cherokee**<br>**~8,000 miles**<br>_____<br>**VALUE $14,850.00** | | | | **16,616.00** | **1,766.00** |
| ACCOUNT NO.  **673200530204230**<br><br>**CitiFinancial Corp (DE)**<br>**141 Buffalo Street**<br>**Suite 15**<br>**Hamburg, NY 14075-5010** | X | W | **02/02/2002**<br>**Mortgage**<br>**5240 Glenn Terrace**<br>**Hamburg, NY**<br>**residence**<br>_____<br>**VALUE $140,000.00** | | | | **43,200.00** | **0.00** |
| ACCOUNT NO.  **0008546574**<br><br>**M&T Mortgage**<br>**PO Box 1288**<br>**Buffalo, NY 14240-1288** | | J | **01/01/2001**<br>**Mortgage**<br>**5240 Glenn Terrace**<br>**Hamburg, NY**<br>**residence**<br>_____<br>**VALUE $140,000.00** | | | | **114,186.00** | **0.00** |
| ACCOUNT NO.  **0842746**<br><br>**NYS Teacher Retirement System**<br>**10 Corporate Woods Drive**<br>**Albany, NY 12211-2395** | | W | **02/02/2005**<br>**NYS Retirement Fund**<br>_____<br>**VALUE $6,100.00** | | | | **7,000.00** | **900.00** |
| ACCOUNT NO.  **0833037**<br><br>**NYS Teacher Retirement System**<br>**10 Corporate Woods Drive**<br>**Albany, NY 12211-2395** | | H | **01/01/2004**<br>**NYS Retirement Fund**<br>_____<br>**VALUE $7,585.00** | | | | **7,585.00** | **0.00** |

0 Continuation sheets attached

| | | |
|---|---|---|
| **Subtotal** ➤<br>(Total of this page) | | **$188,587.00** |
| **Total** ➤<br>(Use only on last page) | | **$188,587.00** |

(Report total also on Summary of Schedules)

Form B6E
(10/05)

In re   **Sean F. Bermingham    Julia S. Bermingham** _____        Case No. _____
                          Debtors                                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

❑ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

❑ **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

Form B6E -Cont.
(10/05)

In re __Sean F. Bermingham    Julia S. Bermingham__ ,          Case No. _____
                                                                              (If known)
                        Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **115583558**<br>**ACS**<br>**PO Box 9001560**<br>**Louisville, KY 40290-1560** | | **H** | **01/01/01**<br>**student loan** | | | | **365.00** | **365.00** |

Sheet no. <u>1</u> of <u>1</u> sheets attached to Schedule of Creditors Holding Priority Claims

|  | Subtotal ➢<br>(Total of this page) | **$365.00** | **$365.00** |
|---|---|---|---|
|  | **Total** ➢<br>**(Use only on last page of the completed Schedule E.)** | **$365.00** | **$365.00** |

(Report total also on Summary of Schedules)

Form B6F (10/05)

In re  **Sean F. Bermingham    Julia S. Bermingham**          Case No. _____
                                    **Debtors**                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **5398400728712176** <br><br> **AT&T Universal** <br> **PO Box 183056** <br> **Columbus, OH 43218-3056** | | W | 07/01 <br><br> credit card | | | | 8,500.00 |
| ACCOUNT NO.  **5178052540544190** <br><br> **Capital One** <br> **PO Box 790216** <br> **St. Louis, MO 63179-0216** | | H | 05/01 <br><br> credit card | | | | 14,000.00 |
| ACCOUNT NO.  **5178052329432583** <br><br> **Capital One** <br> **PO Box 790216** <br> **St. Louis, MO 63179-0216** | | W | 04/01 <br><br> credit card | | | | 2,000.00 |
| ACCOUNT NO.  **4366133034189026** <br><br> **Chase** <br> **PO Box 94014** <br> **Palatine, IL 60094-4014** | | H | 08/01 <br><br> credit card | | | | 9,600.00 |
| ACCOUNT NO.  **5424180307223807** <br><br> **Citi Cards** <br> **PO Box 183058** <br> **Columbus, OH 43218-3058** | | H | 06/01 <br><br> credit card | | | | 12,900.00 |

2   Continuation sheets attached

Subtotal       ➢        |  $47,000.00  |

Total       ➢

**(Use only on last page of the completed Schedule F.)**

(Report also on Summary of Schedules)

In re **Sean F. Bermingham   Julia S. Bermingham**                    Case No. _____

                                                    **Debtors**                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **673200530142729** <br> **Citifinancial** <br> **PO Box 6931** <br> **The Lakes, NV 88901-6931** | | H | **03/02** <br> **loan** | | | | **4,800.00** |
| ACCOUNT NO.  **6011002250584547** <br> **Discover Card** <br> **PO Box 15251** <br> **Wilmington, DE 19886-5251** | | J | **02/02** <br> **credit card** | | | | **10,300.00** |
| ACCOUNT NO.  **641205009112657** <br> **HFC** <br> **PO Box 17574** <br> **Baltimore, MD 21297-1574** | | H | **01/02** <br> **loan** | | | | **8,550.00** |
| ACCOUNT NO.  **0012425117** <br> **HSBC Bank** <br> **One HSBC Center** <br> **Buffalo, NY 14203** | | H | **01/01** <br> **loan** | | | | **3,800.00** |
| ACCOUNT NO.  **018116715** <br> **Kaufmann's** <br> **PO Box 94934** <br> **Cleveland, OH 44101-4934** | | H | **09/01** <br> **credit card** | | | | **220.00** |

Sheet no. _1_ of _2_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                   Subtotal ➤
                                                            (Total of this page)                                    | **$27,670.00** |

                                                                      Total ➤
                                              (Use only on last page of the completed Schedule F.)
                                                  (Report also on Summary of Schedules)

In re  <u>Sean F. Bermingham   Julia S. Bermingham</u>                    Case No. _____
                        **Debtors**                                                        **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6032590103147335** <br><br>**Rosa's-Citifinancial**<br>**PO Box 790213**<br>**St. Louis, MO 63179-0213** | | H | 10/01 <br><br>credit card | | | | 900.00 |
| ACCOUNT NO. **8405769266320** <br><br>**Travelers Life & Annunity**<br>**1 Tower Square**<br>**Hartford, CT 06183-6074** | | H | 02/02 <br><br>account | | | | 7,200.00 |
| ACCOUNT NO. **4388576015132288** <br><br>**United Mileage Plus**<br>**PO Box 15153**<br>**Wilmington, DE 19886-5153** | | H | 03/03 <br><br>credit card | | | | 10,200.00 |
| ACCOUNT NO. <br><br>**Wells Fargo Financial**<br>**PO Box 98784**<br>**Las Vegas, NV 89193-8784** | | H | 12/01 <br><br>loan | | | | 1,100.00 |
| ACCOUNT NO. **69647897** <br><br>**Wells Fargo Financial**<br>**PO Box 98784**<br>**Las Vegas, NV 89193-8784** | | H | 11/01 <br><br>loan | | | | 1,292.00 |

Sheet no. _2_ of _2_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | **$20,692.00**
(Total of this page)

Total ➤ | **$95,362.00**
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

**In re:** <u>Sean F. Bermingham    Julia S. Bermingham</u>      ,        **Case No.** _____

Debtors                                                            **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

**In re:** <u>Sean F. Bermingham    Julia S. Bermingham</u>.          **Case No.** _____
                            **Debtors**                                                    **(If known)**

# SCHEDULE H - CODEBTORS

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Sean Bermingham**<br>**5240 Glenn Terrace**<br>**Hamburg, NY 14075** | **CitiFinancial Corp (DE)**<br>**141 Buffalo Street**<br>**Suite 15**<br>**Hamburg, NY 14075-5010** |

In re  **Sean F. Bermingham Julia S. Bermingham**                    Case No. _____

_____
                    **Debtors**                                              **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | **son** | **6** |
| | **daughter** | **3** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Teacher** | **Teacher** |
| Name of Employer | **Springville-Griffith Institute** | **Frontier Central Schools** |
| How long employed | **6 years** | **9 years** |
| Address of Employer | **307 Newman Street**<br>**Springville, NY 14141** | **5120 Orchard Ave**<br>**Hamburg, NY 14075** |

**Income**: (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Pro rate if not paid monthly.) | | $ 3,424.86 | $ 3,789.07 |
| 2. Estimated monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 3,424.86 | $ 3,789.07 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 799.87 | $ 969.63 |
| b. Insurance | | $ 0.00 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 0.00 |
| d. Other (Specify) | **IH** | $ 0.00 | $ 45.34 |
| | **Loan** | $ 158.03 | $ 193.50 |
| | **NBT** | $ 0.00 | $ 22.19 |
| | **NOVA** | $ 0.00 | $ 23.65 |
| | **STXD** | $ 0.00 | $ 190.79 |
| | **TE D** | $ 57.51 | $ 0.00 |
| | **TRS4** | $ 158.03 | $ 120.53 |
| | **TRVL** | $ 0.00 | $ 107.50 |
| | **VOT** | $ 0.00 | $ 4.30 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 1,173.44 | $ 1,677.43 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 2,251.42 | $ 2,111.64 |
| 7. Regular income from operation of business or profession or firm (Attach detailed statement) | | $ 0.00 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) _____ | | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ 0.00 |

**In re** **Sean F. Bermingham Julia S. Bermingham**      **Case No.** _____

                                          **Debtors**                                        **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

13. Other monthly income

(Specify) _____ $ _____ 0.00 $ _____ 0.00

14. SUBTOTAL OF LINES 7 THROUGH 13                 $ _____ $0.00 $ _____ $0.00

15. TOTAL MONTHLY INCOME (add amounts shown on lines 6 and 14     $ _____ 2,251.42 $ _____ 2,111.64

16. TOTAL COMBINED MONTHLY INCOME     $ 4,363.06     (Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

                               **NONE**

In re <u>Sean F. Bermingham Julia S. Bermingham</u>,     Case No. _____
                **Debtors**                                                     **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,626.00 |
|      a. Are real estate taxes included?     Yes ✓    No _____ | | |
|      b. Is property insurance included?     Yes ✓    No _____ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 190.00 |
|            b. Water and sewer | $ | 15.00 |
|            c. Telephone | $ | 85.00 |
|            d. Other **cable** | $ | 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 40.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 0.00 |
|            b. Life | $ | 20.00 |
|            c. Health | $ | paycheck |
|            d. Auto | $ | 102.00 |
|            e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 377.00 |
|            b. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance or support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **child care** | $ | 450.00 |
|         **Misc.** | $ | 108.00 |
|         **teacher supplies** | $ | 10.00 |
|         **tutition** | $ | 192.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 4,365.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Possible day care increase of $50.00 per month** _____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|            a. Total monthly income from Line 16 of Schedule I | $ | 4,363.06 |
|            b. Total monthly expenses from Line 18 above | $ | 4,365.00 |
|            c. Monthly net income (a. minus b.) | $ | -1.94 |

**United States Bankruptcy Court**

**Western District of New York**

In re  **Sean F. Bermingham    Julia S. Bermingham**                    ,          Case No. _____

                                         Debtors                              Chapter      _7_____

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A -  Real Property | YES | 1 | $ 140,000.00 | | |
| B -  Personal Property | YES | 4 | $ 43,940.00 | | |
| C -  Property Claimed as Exempt | YES | 1 | | | |
| D -  Creditors Holding Secured Claims | YES | 1 | | $ 188,587.00 | |
| E -  Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 365.00 | |
| F -  Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $ 95,362.00 | |
| G -  Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H -  Codebtors | YES | 1 | | | |
| I -  Current Income of Individual Debtor(s) | YES | 2 | | | $ 4.363.06 |
| J -  Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 4.365.00 |
| Total | | | $ 183,940.00 | $ 284,314.00 | |

In re  **Sean F. Bermingham    Julia S. Bermingham**                    Case No. _____

                                 **Debtors**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of     **18**
                                                                                        (Total shown on summary page plus 1.)

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **1/7/06**                                  Signature:  **s/ Sean F. Bermingham**
                                                                **Sean F. Bermingham**

Date:  **1/7/06**                                  Signature:  **s/ Julia S. Bermingham**
                                                                **Julia S. Bermingham**

                                          [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

                                          (NOT  APPLICABLE)

---

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(10/05)

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re:   **Sean F. Bermingham   Julia S. Bermingham**                               ,          Case No. _____

                                          Debtors                                                                   (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **45,357.00** | **Springville-Griffith Institute (husband)** | **2004** |
| **38,000.00** | **Frontier Central Schools (wife)** | **2005** |
| **45,600.00** | **Springville-Griffith Institute (husband)** | **2005** |
| **40,418.00** | **Frontier Central Schools (wife)** | **2004** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a.   *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None ☑

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

| NAME AND ADDRESS | | DESCRIPTION |
| --- | --- | --- |
| OF PERSON FOR WHOSE | DATE OF | AND VALUE OF |
| BENEFIT PROPERTY WAS SEIZED | SEIZURE | PROPERTY |

## 5. Repossessions, foreclosures and returns

None

☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | DATE OF REPOSSESSION, | DESCRIPTION |
| --- | --- | --- |
| NAME AND ADDRESS | FORECLOSURE SALE | AND VALUE OF |
| OF CREDITOR OR SELLER | TRANSFER OR RETURN | PROPERTY |

## 6. Assignments and receiverships

None

☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | | TERMS OF |
| --- | --- | --- |
| NAME AND ADDRESS | DATE OF | ASSIGNMENT |
| OF ASSIGNEE | ASSIGNMENT | OR SETTLEMENT |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

| | NAME AND ADDRESS | | DESCRIPTION |
| --- | --- | --- | --- |
| NAME AND ADDRESS | OF COURT | DATE OF | AND VALUE OF |
| OF CUSTODIAN | CASE TITLE & NUMBER | ORDER | PROPERTY |

## 7. Gifts

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | RELATIONSHIP | | DESCRIPTION |
| --- | --- | --- | --- |
| OF PERSON | TO DEBTOR, | DATE | AND VALUE OF |
| OR ORGANIZATION | IF ANY | OF GIFT | GIFT |

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION<br>AND VALUE OF<br>PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF<br>LOSS WAS COVERED IN WHOLE OR IN PART<br>BY INSURANCE, GIVE PARTICULARS | DATE OF<br>LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF<br>OTHER THAN DEBTOR | AMOUNT OF MONEY OR<br>DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY<br>TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION<br>AND VALUE OF PROPERTY OR DEBTOR'S<br>INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15.  Prior address of debtor

None
☑

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.     List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE  EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|------|

## 19.  Books, records and financial statements

None
☑

a.   List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

b.   List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☑

| NAME | ADDRESS |
|------|------|

d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case by the debtor.

None
☑

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

## 20.  Inventories

None
☑

a.   List the dates of the last two inventories taken of your property, the name of the person who
supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
| --- | --- | --- |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

b.   List the name and address of the person having possession of the records of each of the two
inventories reported in a., above.

None
☑

|  | NAME AND ADDRESSES OF CUSTODIAN |
| --- | --- |
| DATE OF INVENTORY | OF INVENTORY RECORDS |

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each
member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

b.   If the debtor is a corporation, list all officers and directors of the corporation, and each
stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting
securities of the corporation.

None
☑

|  |  | NATURE AND PERCENTAGE |
| --- | --- | --- |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

## 22.  Former partners, officers, directors and shareholders

None
☑

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one
year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation
terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given
to an insider, including compensation in any form, bonuses, loans, stock redemptions, options
exercised and any other perquisite during **one year** immediately preceding the commencement
of this case.

| NAME & ADDRESS | | AMOUNT OF MONEY |
| --- | --- | --- |
| OF RECIPIENT, | DATE AND PURPOSE | OR DESCRIPTION |
| RELATIONSHIP TO DEBTOR | OF WITHDRAWAL | AND VALUE OF PROPERTY |

## 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __1/7/06_____          Signature     __s/ Sean F. Bermingham_____
                                          of Debtor     **Sean F. Bermingham**

Date  __1/7/06_____          Signature     __s/ Julia S. Bermingham_____
                                          of Joint      **Julia S. Bermingham**
                                          Debtor

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:  **Sean F. Bermingham**                                    Case No.:

  **Julia S. Bermingham**                                   Chapter:  **7**

Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

_____

_____

_____

_____

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

In re:  **Sean F. Bermingham**     **Julia S. Bermingham**     Case No. _____

Chapter     **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,085.00 |
| Prior to the filing of this statement I have received | $ | 1,085.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor     ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor     ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  [Other provisions as needed]
       **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **legal fees for adversarial proceedings, including but not limited to student loan hardship proceedings, vacatur of judgments, real estate foreclosure and recovery of funds garnished during preference periods.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **1/7/06** _____

**/s/ Randy H. Gugino** _____
**Randy H. Gugino, Esq., Bar No.  029227**

**Randy Gugino Law Office**
Attorney for Debtor(s)

---

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($209 filing fee plus $30 administrative fee)

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family - owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| **1/7/06** | **s/ Sean F. Bermingham** | |
| Date | Signature of Debtor | Case Number |
| **1/7/06** | **s/ Julia S. Bermingham** | |
| Date | Signature of Joint Debtor | |

**FORM B10** (Official Form 10) (10/05)

USBC, EDCA

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:

**THIS SPACE IS FOR COURT USE ONLY**

Last four digits of account number or other number by which creditor identifies debtor:

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, Salaries and compensations (Fill out below)

Last four digits of SS #:
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate        ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ **0.00** _____

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____

Specify the priority of the claim:

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,000), * earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**5. Total Amount of Claim at Time Case Filed:** $ _____ _____ _____ _____
(unsecured)    (secured)    (priority)    (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

**7. Supporting Documents:** *Attach copies of supporting documents, such as promissory* notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

---- DEFINITIONS ----

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.)*

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1.  Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2.  Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3.  Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4.  Classification of Claim
Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the

amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority.  (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law.  Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim".  (See DEFINITIONS, above.)  If your claim is partly secured and partly unsecured, state here the amount that is unsecured.  If part of  your claim is entitled to priority, state here the amount not entitled to  priority.

**5.  Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6.  Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7.  Supporting Documents:**

You must attach to  this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

In re: **Sean F. Bermingham**                    **Julia S. Bermingham**             Case No. _____

                                                                                        Chapter  **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                            $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                                                         $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)                   $ _____ **0.00**
    4.  Payroll Taxes                                                                      **0.00**
    5.  Unemployment Taxes                                                            **0.00**
    6.  Worker's Compensation                                                        **0.00**
    7.  Other Taxes                                                                        **0.00**
    8.  Inventory Purchases (Including raw  materials)                         **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray                                **0.00**
    10.  Rent (Other than debtor's principal residence)                       **0.00**
    11.  Utilities                                                                           **0.00**
    12.  Office Expenses and Supplies                                             **0.00**
    13.  Repairs and Maintenance                                                   **0.00**
    14.  Vehicle Expenses                                                              **0.00**
    15.  Travel and Entertainment                                                   **0.00**
    16.  Equipment Rental and Leases                                             **0.00**
    17.  Legal/Accounting/Other Professional Fees                            **0.00**
    18.  Insurance                                                                         **0.00**
    19.  Employee Benefits (e.g., pension, medical, etc.)                    **0.00**
    20.  Payments to Be Made Directly By Debtor to Secured Creditors For
         Pre-Petition Business Debts (Specify):
        **None**                                                              _____

    21.  Other (Specify):

        **None**                                                              _____

    22.  Total Monthly Expenses (Add items 3 - 21)                            $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)        $ _____ **0.00**

# United States Bankruptcy Court
## Western District of New York

In re **Sean F. Bermingham    Julia S. Bermingham** ,        Case No. _____

_____        Chapter    **7** _____

Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
### [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

**UNITED STATES BANKRUPTCY COURT**
**Western District of New York**

In re: **Sean F. Bermingham    Julia S. Bermingham**                    Case No. _____

_____

Debtors                                                                Chapter    **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| | Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|---|
| 1. | student loan | ACS | | | | |
| 2. | 2004 Jeep Cherokee ~8,000 miles | Chrysler Financial | | | | X |
| 3. | 5240 Glenn Terrace Hamburg, NY residence | CitiFinancial Corp (DE) | | | | X |
| 4. | 5240 Glenn Terrace Hamburg, NY residence | M&T Mortgage | | | | X |
| 5. | NYS Retirement Fund | NYS Teacher Retirement System | | | | X |
| 6. | NYS Retirement Fund | NYS Teacher Retirement System | | | | X |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) | |
|---|---|---|---|
| **None** | | | |

Date:   **1/7/06**_____                    **s/ Sean F. Bermingham**_____
                                                                         Signature of Debtor

Date:   **1/7/06**_____                    **s/ Julia S. Bermingham**_____
                                                                         Signature of Joint Debtor

Form B22A (Chapter 7) (10/05)

In re **Sean F. Bermingham, Julia S. Bermingham**
_____
Debtor(s)

Case Number: _____
(If known)

| Check the box as directed in Parts I, III, and VI of this statement. |
|---|
| ☐ **Presumption arises** |
| ☑ **Presumption does not arise** |

## STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
### FOR USE IN CHAPTER 7

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| | **Part I. EXCLUSION FOR DISABLED VETERANS** |
|---|---|
| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the "Presumption does not arise" box at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |

| | **Part II. CALCULATION OF CURRENT MONTHLY INCOME** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-10.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-10.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-10.**<br>d. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-10.** | | |

| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | **COLUMN A DEBTOR'S INCOME** | **COLUMN B SPOUSE'S INCOME** |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $3,424.86 | $3,789.07 |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | $0.00 | $0.00 |
|---|---|---|---|---|
| | | a. | Gross Receipts | $ 0.00 | | |
| | | b. | Ordinary and necessary business expenses | $ 0.00 | | |
| | | c. | Business income | Subtract Line b from Line a | | |

| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | $0.00 | $0.00 |
|---|---|---|---|---|
| | | a. | Gross Receipts | $ 0.00 | | |
| | | b. | Ordinary and necessary business expenses | $ 0.00 | | |
| | | c. | Business income | Subtract Line b from Line a | | |

| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $0.00 | $0.00 |
| 8 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $0.00 |

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $_____    Spouse $_____ | $ | $ |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>a.                      $<br><br>Total and enter on Line 10. | $0.00 | $0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $3,424.86 | $3,789.07 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 7,213.93 | |

## Part III.  APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $86,567.16 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:  **NY**_____    b. Enter debtor's household size:  **0**_____ | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

## Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $7,213.93 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 10, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 20 | **Local Standards: housing and utilities.** Enter amount from the IRS Housing and Utilities Standards for the applicable county and family size. (This information is available at www.irs.gov; www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **Do not include payments on secured debts, such as mortgage payments, to the extent that they are accounted for in the IRS Housing and Utilities Standards.** | $ |

| 21 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☑ 0 ☐ 1 ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1 ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 41; subtract Line b from Line a and enter the result in Line 22. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, First Car | $ 0.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 41 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

$ 0.00

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 22.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 41; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ 0.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 41 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

$ 0.00

| 24 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 1,769.50 |
|---|---|---|
| 25 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ 0.00 |
| 26 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 20.00 |
| 27 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 43.** | $ 0.00 |
| 28 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 29 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare. **Do not include payments made for children's education.** | $ 0.00 |
| 30 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 33.** | $ 0.00 |

| 31 | **Other Necessary Expenses: telecommunication services:** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents. **Do not include any amount previously deducted.** | $ 0.00 |
|---|---|---|
| 32 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 31. | $ 1,789.50 |

| Subpart B: Additional Expense Deductions under § 707(b) |
|---|
| Note: Do not include any expenses that you have listed in Lines 19 through 31 |

| 33 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the average monthly amounts that you actually expend in each of the following categories and enter the total. | $ 0.00 |
|---|---|---|

| a. | Health Insurance | $0.00 |
|---|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |
| | | Total: Add Lines a, b and c |

| 34 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 28.** | $ 0.00 |
|---|---|---|
| 35 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | $ 0.00 |
| 36 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 37 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0.00 |
| 38 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 39 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 40.00 |
| 40 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 33 through 39. | $ 40.00 |

| Subpart C: Deductions for Debt Payment |
|---|

| 41 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. **Do not include items you have previously deducted, such as insurance and taxes.** | $ 0.00 |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines a, b and c |

| 42 | **Past due payments on secured claims.** If any of the debts listed in Line 41 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page. | $ 0.00 |
|---|---|---|

| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines a, b and c |

| 43 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ **365.00** |
|---|---|---|

| 44 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ | |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ **0.00** |

| 45 | **Total Deductions for Debt Payment.** Enter the total of Lines 41 through 44. | $ **365.00** |
|---|---|---|

### Subpart D: Total Deductions Allowed under § 707(b)(2)

| 46 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 32, 40, and 45. | **$2,194.50** |
|---|---|---|

---

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 47 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 48 | **Enter the amount from Line 46** (Total of all deductions allowed under § 707(b)(2)) | $ 2,194.50 |
| 49 | **Monthly disposable income under § 707(b)(2).** Subtract Line 48 from Line 47 and enter the result | $ -2,194.50 |
| 50 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 49 by the number 60 and enter the result. | $ -131,670.00 |

| 51 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☑ **The amount on Line 50 is less than $6,000** Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 50 is more than $10,000.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 50 is at least $6,000, but not more than $10,000.** Complete the remainder of Part VI (Lines 52 through ). |

| 52 | **Enter the amount of your total non-priority unsecured debt** | $ |
|---|---|---|
| 53 | **Threshold debt payment amount.** Multiply the amount in Line 52 by the number 0.25 and enter the result. | $ **0.00** |

| 54 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
|---|---|
| | ☐ **The amount on Line 50 is less than the amount on Line 53.** Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 50 is equal to or greater than the amount on Line 53.** Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

---

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 55 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect you average monthly expense for each item. Total the expenses. | |
|---|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| | Total: Add Lines a, b, and c | $**0.00** |

| Part VIII:  VERIFICATION |
|---|

| 56 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
|---|---|

Date:  **1/7/06**     Signature:  **s/ Sean F. Bermingham**

**Sean F. Bermingham,** (Debtor)

Date:  **1/7/06**     Signature:  **s/ Julia S. Bermingham**

**Julia S. Bermingham,** (Joint Debtor, if any)

## Income from all other sources (continued)

## Future payments on secured claims (continued)

|  | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|

## Past due payments on secured claims (continued

|  | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|

## Other Expenses (continued)

|  | Expense Description | Monthly Amount |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

In re **Sean F. Bermingham    Julia S. Bermingham**                    ,        Case No._____

                                          Debtors          Chapter  **7**_____

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE
## CONCERNING PERSONAL FINANCIAL MANAGEMENT

### *[Complete one of the following statements.]*

☑  We,  **Sean F. Bermingham and Julia S. Bermingham**           , the debtor(s) in the above-
            (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that on **12/07/2005**           We completed an instructional
                                                            (Date)
course in personal financial management provided by    **Consumer Credit Counseling Service of Buffalo, Inc.**
                                                            (Name of Provider)
an approved personal financial management instruction provider. If the provider furnished a
document attesting to the completion of the personal financial management instructional course,
a copy of that document is attached.


☐  We,_____, the debtor(s) in the above-
            (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that no personal financial management course is required, because:
*[Check the appropriate box.]*

☐  We are incapacitated or disabled, as defined in 11 U.S.C. § 109(h)

☐  We are on active military duty in a military combat zone; or

☐  We reside in a district in which the United States trustee (or the bankruptcy administrator, if
any) has determined that the approved instructional courses are not adequate at this time to
serve the additional individuals who would otherwise be required to complete such courses.


Signature of Debtor: **s/ Sean F. Bermingham**_____
                        **Sean F. Bermingham**

Date: **1/7/06**_____


Signature of Joint Debtor:  **s/ Julia S. Bermingham**_____
                            **Julia S. Bermingham**

Date: **1/7/06**_____

# UNITED STATES BANKRUPTCY COURT
## Western District of New York

In re **Sean F. Bermingham    Julia S. Bermingham** ,

Debtors

Case No. _____

Chapter **7** _____

## CERTIFICATION TO COURT OF APPEALS
## BY ALL PARTIES

A notice of appeal having been filed in the above-styled matter on _____, _____, _____, and _____, *[Names of all the appellants and all the appellees, if any],* who are all the appellants [and all the appellees] hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter ☐ is ☑ is not required under 28 U.S.C. § 158(a).

*[The certification shall contain one or more of the following statements, as is appropriate to the circumstances.]*

*Or*

*Or*

*[The parties may include or attach the information specified in Rule 8003(f)(3)(C).]*

Signed: *[If there are more than two signatories, all must sign and provide the information requested below. Attach additional signed sheets if needed.]*

**/s/ Randy H. Gugino**
Attorney for Appellant (or Appellant,
if not represented by an attorney)

**Randy H. Gugino, Esq.**
Printed Name of Signer

**2140 Eggert Road**
**Amherst, NY 14226**
Address

**(716) 833-8455**
Telephone No.

**1/7/06**
Date